# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CARLY WELKIN,

               Plaintiff,

      v.

META PLATFORMS, INC.,

               Defendant.

Civil Action No.

1:26-CV-00148-ELR

## DEFENDANT META PLATFORM INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................1

II.   BACKGROUND ................................................................................2

    A.   Meta Terms of Service. ...........................................................2

    B.   Plaintiff's Allegations. ............................................................3

III.  ARGUMENT.....................................................................................5

    A.   This Court Lacks Personal Jurisdiction Over Meta. ...........................5

        1.   Meta is not subject to general personal jurisdiction in Georgia.................................................................................6

        2.   There is no basis for specific jurisdiction over Meta................8

    B.   Plaintiff's Claims Should Be Dismissed Under Rule 12(b)(6)..........10

        1.   Plaintiff fails to state a copyright infringement claim. ...........11

        2.   Plaintiff fails to state an IIED claim. ......................................14

    C.   Section 230 of the Communications Decency Act Bars Plaintiff's IIED Claim and Request for Injunctive Relief.................18

        1.   Meta is an interactive computer service provider...................19

        2.   The content at issue was provided by someone other than Meta...............................................................................19

        3.   The Complaint seeks to hold Meta liable for its purported exercise of traditional editorial functions. ...............................20

    D.   Plaintiff Should Not Be Granted Leave to Amend. ...........................22

E.    Alternatively, This Case Should Be Transferred to the Northern District of California.............................................................23

IV.   CONCLUSION.................................................................................24

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)...........................................................................................11

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. Tex.*,
　571 U.S. 49 (2013).............................................................................................24

*Baldwin-Kennedy v. Meta Platforms Inc.*,
　No. 23-cv-06615, 2025 WL 1935433 (N.D. Cal. June 5, 2025) ........................18

*Batuhan v. Assurity Fin. Servs., LLC*,
　No. 15-cv-03742, 2016 WL 1055107 (N.D. Cal. Mar. 16, 2016).....................15

*Bennett v. Walt Disney Co.*,
　2023 WL 5624651 (N.D. Ga. Aug. 1, 2023) .....................................................14

*BNSF Ry. Co. v. Tyrrell*,
　581 U.S. 402 (2017).............................................................................................7

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
　582 U.S. 255 (2017).............................................................................................8

*Brittain v. Twitter, Inc.*,
　No. 19-cv-114, 2019 WL 2423375 (N.D. Cal. June 10, 2019) .........................23

*Cable/Home Commc'n Corp. v. Network Prods., Inc.*,
　902 F.2d 829 (11th Cir. 1990) ..........................................................................14

*Caraccioli v. Facebook, Inc.*,
　167 F. Supp. 3d 1056 (N.D. Cal. 2016), *aff'd*, 700 F. App'x 588
　(9th Cir. 2017)....................................................................................................17

*Consolidated Development Corp. v. Sherritt, Inc.*,
　216 F.3d 1286 (11 Cir. 2000) .............................................................................8

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014).............................................................................................7

*Davidson v. City of Westminster*,
    32 Cal. 3d 197 (1982) ......................................................................................16

*Davis v. Meta Platforms, Inc.*,
    No. 22-cv-01001, 2023 WL 4670491 (E.D. Tex. July 20, 2023)......................24

*Dean v. Meta Platforms, Inc.*,
    No. 24-cv-2242, ECF No. 55 (M.D. Fla. Oct. 28, 2025)...................................24

*Doe v. Fenix Int'l, Ltd.*,
    2025 WL 336741 (S.D. Fla. Jan. 30, 2025)......................................................22

*Dowbenko v. Google Inc.*,
    582 F. App'x 801 (11th Cir. Sept. 5, 2014).................................................20, 21

*Fastcase, Inc. v. Lawriter*,
    LLC, 907 F.3d 1335 (11th Cir. 2018).................................................................13

*Fed. Agency of News LLC v. Facebook, Inc.*,
    395 F. Supp. 3d 1295 (N.D. Cal. 2019).............................................................21

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340 (1991)...................................................................................11, 13

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
    586 U.S. 296 (2019).........................................................................................13

*Fraser v. Smith*,
    594 F.3d 842 (11th Cir. 2010) .........................................................................10

*Garrett-Alfred v. Facebook, Inc.*,
    540 F. Supp. 3d 1129 (M.D. Fla. 2021).........................................................8, 10

*Glazer v. Meta Platforms, Inc.*,
    2025 WL 2958810 (D. Md. Oct. 17, 2025) ......................................................22

*Glob. Garlic, Inc. v. Distribuidora Mi Honduras, LLC*,
    No. 20-cv-4882, 2021 WL 5034376 (N.D. Ga. Apr. 29, 2021) ..........................9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)........................................................................................6, 7

*Graham-Kilby v. J.P. Morgan Chase, N.C.*,
1:22-CV-1221, 2023 WL 2908831 (N.D. Ga. Jan. 13, 2023) ...........................15

*Griffin v. Google*,
2020 WL 6781624 (S.D. Ga. Nov. 18, 2020)....................................................21

*Harrison v. Facebook, Inc.*,
No. 18-cv-0147, 2019 WL 1090779 (S.D. Ala. Jan. 17, 2019)........................10

*Hassell v. Bird*,
420 P.3d 776 (Cal. 2018) .................................................................................22

*Hayes v. Facebook, Inc.*,
No. 18-cv-02333-MEH, 2019 WL 8275335 (D. Colo. Mar. 6,
2019) .................................................................................................................25

*Hernandez v. First Student, Inc.*,
37 Cal. App. 5th 270 (2019) .....................................................................*passim*

*Hicks v. Bradford*,
2023 WL 6190884 (C.D. Cal. Aug. 17, 2023) ...........................................21, 22

*Hopkins v. Doe*,
No. 11-cv-100, 2011 WL 5921446 (N.D. Ga. Nov. 28, 2011)..........................23

*Hughes v. Pair*,
46 Cal. 4th 1035 (2009) ...................................................................................16

*King v. Facebook, Inc.*,
572 F. Supp. 3d 776 (N.D. Cal. Nov. 12, 2021)..........................................17, 23

*King v. Facebook, Inc.*,
No. 19-CV-01987-WHO, 2019 WL 6493968 (N.D. Cal. Dec. 3,
2019) .................................................................................................................18

*Ledford v. Keyes*,
No. 1:23-cv-02140, 2023 WL 12207459 (N.D. Ga. Nov. 20, 2023) ................14

*Leslie v. VyStar Credit Union*,
No. 21-cv-02672, 2021 WL 7708420 (N.D. Ga. Oct. 13, 2021)........................7

*Ligon v. Meta Platforms, Inc.*, 1:24-CV-03540-JPB (May 5, 2025
N.D. Ga.) ..........................................................................................................25

*Lloyd v. Facebook, Inc.*,
  2022 WL 4913347 (N.D. Cal. Oct. 3, 2022) ....................................................22

*Loomer v. Zuckerberg*,
  No. 22-cv-2646, 2023 WL 6464133 (N.D. Cal. Sept. 30, 2023) ......................19

*M/S Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972).............................................................................................24

*McCall v. Zotos*,
  No. 22-11725, 2023 WL 3946827 (11th Cir. June 12, 2023) ...............19, 20, 21

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005).........................................................................................14

*Mezey v. Twitter, Inc.*,
  No. 18-cv-21069, 2018 WL 5306769 (S.D. Fla. July 19, 2018).......................20

*Njem v. Facebook, Inc.*,
  No. 20-cv-3385 (N.D. Ga. Sept. 18, 2020).......................................................10

*O.W.A., Inc. v. Gump's Corp.*,
  2014 WL 12235191 (N.D. Ga. Oct. 9, 2014) ....................................................12

*Ohanian v. Tekno Products, Inc.*,
  2019 WL 9633219 (N.D. Ga. Jan. 10, 2019)......................................................14

*Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*,
  2023 WL 3454614 (11th Cir. May 15, 2023)....................................................12

*Potter v. Firestone Tire & Rubber Co.*,
  6 Cal. 4th 965 (1993) ........................................................................................15

*Reaud v. Facebook, Inc.*,
  No. 23-cv-06329, 2024 WL 4126066 (N.D. Cal. Sept. 9, 2024) .................16, 22

*Rich v. Meta Platforms, Inc.*,
  2023 WL 8355932 (D. Mass. Dec. 1, 2023).........................................................8

*Romero v. Meta Platforms, Inc.*,
  No. 23-cv-3306, 2024 WL 1554826 (D.S.C. Mar. 14, 2024), *aff'd*,
  2024 WL 5200156 (4th Cir. Dec. 23, 2024)..............................................7, 8, 10

v

*Snow v. DirecTV, Inc.*,
    450 F.3d 1314 (11th Cir. 2006) ............................................................9

*Snyder v. Wachovia Mortg.*,
    2010 WL 2736945 (E.D. Cal. Jul. 12, 2010).....................................22

*Stevens v. Premier Cruises, Inc.*,
    215 F.3d 1237 (11th Cir. 2000) ........................................................23

*United Techs. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ..........................................................6

*Vasquez v. Franklin Mgmt. Real Est. Fund, Inc.*,
    222 Cal. App. 4th 819 (2013) ...........................................................16

*Walden v. Fiore*,
    571 U.S. 277 (2014)......................................................................9, 10

*Weinwacker v. Wahl Clipper Corp.*,
    2024 WL 2796533 (11th Cir. May 31, 2024)....................................12

*Wells v. YouTube, LLC*,
    No. 3:20-cv-01047, 2021 WL 2652966 (N.D. Tex. May 17, 2021) .................22

*Williams v. University of Georgia Athletic Dep't*,
    2010 WL 5350170 (M.D. Ga. Nov. 24, 2010) ..................................12

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)............................................................................9

*Zakarya v. Wells Fargo Bank, N.A.*,
    2025 WL 1090155 (C.D. Cal. Feb. 3, 2025) ....................................17

## Statutes

17 U.S.C. § 411(a) ...........................................................................12

28 U.S.C. § 1404(a) .........................................................................24

47 U.S.C. § 230(c) .....................................................................*passim*

Defendant Meta Platforms, Inc. hereby moves to dismiss Plaintiff's Complaint [Doc. 1] ("Compl.") under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim. In the alternative, Meta respectfully requests that this Court transfer the case to the U.S. District Court for the Northern District of California.

## I.    INTRODUCTION

Plaintiff Carly Welkin seeks to impose liability on Meta Platforms, Inc. ("Meta") for third-party content posted on Facebook, including a photograph of her mother that Plaintiff alleges Iranian authorities relied upon in connection with her mother's conviction and imprisonment in Iran. Leaving aside the seriousness of the underlying circumstances on which it is based, the Complaint fails as a matter of law.

*First*, as a threshold matter, this Court lacks personal jurisdiction over Meta. The Court lacks general jurisdiction because Meta is incorporated in Delaware and maintains its principal place of business in California. And there is no basis for specific jurisdiction either: the Complaint does not allege that Meta engaged in any forum-directed conduct in Georgia related to Plaintiff's claims. Because personal jurisdiction is a prerequisite to the Court's authority to adjudicate Plaintiff's claims, dismissal is required under Federal Rule of Civil Procedure 12(b)(2).

*Second*, Plaintiff fails to state a claim. Plaintiff's copyright claim fails because

she does not allege ownership of a *registered* copyright (in fact, Plaintiff recently confirmed to the Court she does not have a registered copyright) and does not plausibly allege copying by Meta or any third party. Plaintiff's claim for intentional infliction of emotional distress ("IIED") likewise fails because the Complaint does not plausibly allege that Meta acted with the requisite intent or engaged in conduct that could be considered extreme or outrageous under California law, and the claim is barred by the Meta Terms of Service.

*Third*, Plaintiff's IIED claim and her request for injunctive relief are independently barred by Section 230 of the Communications Decency Act.

*Finally,* to the extent that the Court chooses to not outright dismiss the case, then it should transfer it to the U.S. District Court for the Northern District of California pursuant to the enforceable forum selection clause in the Meta Terms of Service.

For these reasons, and because amendment would be futile, the Complaint should be dismissed with prejudice. Alternatively, the Court should transfer this action to the Northern District of California.

## II.    BACKGROUND

### A.    Meta Terms of Service.

Meta owns and operates online services, including Facebook, that allow users to connect with other users; post content; like photos, videos, and text; and view the

2

content of other users. Plaintiff alleges that she is a "creator of visual content hosted on [Meta's] platform," and thus her use of Facebook is subject to the Terms of Service (the "Terms"). *See* Compl. ¶ 5; *see also* Ex. A, Declaration of Jennifer Allen in Support of Meta's Motion to Dismiss ("Allen Decl.").

The Terms make clear that Facebook is provided "as is" and that Meta makes no guarantees that its services will be "safe, secure, or error-free," or that it will function "without disruptions, delays, or imperfections," and further disclaim responsibility for the actions of third parties. Allen Decl., Ex. A § 4.3. The Terms also contain a mandatory forum selection clause. It provides that "any claim, cause of action, or dispute between [Meta and the user] that arises out of or relates to these Terms or [the user's] access or use of" Facebook "shall be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County." *Id.* § 4.4. The Terms further provide that "the laws of the State of California" govern "any claim, cause of action, or dispute without regard to conflict of law provisions." *Id.*

### B.    Plaintiff's Allegations.

Plaintiff Carly Welkin is a Georgia resident proceeding *pro se* in this action against Meta. Compl. ¶¶ 5-6. Plaintiff alleges that her mother, Masoumeh Mohajer, is currently imprisoned in Iran following criminal proceedings conducted by Iranian authorities. *Id.* ¶¶ 7-8. Plaintiff alleges that Iranian authorities cited content—

including Plaintiff's mother's image (the "Mohajer Photo")—appearing on a Facebook profile bearing the name "Masoumeh Mohajer" as part of the evidence in those proceedings. *Id.* ¶ 9; *see also* Compl. Ex. D. Plaintiff alleges that the Facebook profile included a job title listing the account holder as "Assistant Director at Channel 2." *Id.* ¶¶ 11-12.

Plaintiff characterizes the Facebook profile as an "unauthorized imposter account." *Id.* ¶ 16. Plaintiff simultaneously alleges that her mother is the "account holder" and "transferred her valid recovery credentials" to Plaintiff, granting Plaintiff "full agency to delete the account." *Id.* ¶¶ 17-18. Plaintiff alleges that she attempted to use those credentials to access or delete the account but was allegedly unable to do so due to Meta's security requirements, including for the account holder to "sign in on a device [the user's] signed in from before." *Id.* ¶¶ 19-24.

Plaintiff further alleges that the Facebook profile remains publicly accessible and that its continued existence has adverse consequences for her mother's legal status abroad. *Id.* ¶¶ 13-15. Plaintiff asserts that she contacted Meta in October 2025, requesting removal of the Mohajer Photo and later submitted a takedown notice in January 2026. *Id.* ¶¶ 28-29. On January 8, 2026, Plaintiff claims to have received an email stating that Meta had removed content she reported. *Id.* ¶ 30; Ex. C. Plaintiff alleges that Meta removed only one version of the Mohajer Photo but did not remove

all images or her mother's listed employment, which Plaintiff alleges is fabricated, on the profile. *Id.* ¶¶ 11, 31-32.

Based on these allegations, Plaintiff asserts claims for copyright infringement and intentional infliction of emotional distress, and seeks, among other relief, an order requiring Meta to delete the Facebook account and monetary damages.[1] *Id.* ¶¶ 33-43. While Plaintiff states that she has a copyright for the Mohajer Photo, the purported evidence attached to the Complaint shows that the Mohajer Photo is not registered with the U.S. Copyright Office. Compl., Ex. A.

## III. ARGUMENT

The Complaint should be dismissed for lack of personal jurisdiction. And even if not dismissed on that ground, the Complaint should be dismissed because it fails to state a claim and is barred by Section 230.

### A.    This Court Lacks Personal Jurisdiction Over Meta.

As a threshold matter, Meta is not subject to personal jurisdiction in Georgia, and the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to

---

[1] On January 14, 2026, the Court held a hearing on Plaintiff's request for a temporary restraining order and preliminary injunction, a transcript of which is filed concurrently herewith. [Doc. 14]. The Court denied Plaintiff's request, concluding that Plaintiff is not likely to succeed on the merits of her claims. Tr. at 13. The Court also indicated that Plaintiff could not show irreparable harm, let alone harm at all, that was caused by Meta.

make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). In determining whether personal jurisdiction exists, a court undertakes a two-step inquiry: the exercise of jurisdiction must (1) be authorized by the forum state's long-arm statute and (2) comport with the Due Process Clause of the Fourteenth Amendment. *Id.* The Supreme Court has recognized two types of personal jurisdiction: general jurisdiction, which attaches when a defendant is "essentially at home in the forum State," and specific jurisdiction, which "depends on an affiliation between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations, S.A. v. Brow*n, 564 U.S. 915, 919, 131 (2011).

Although Georgia's long-arm statute permits the exercise of personal jurisdiction over nonresidents who "[t]ransact[] any business within this state" or "commit[] a tortious act or omission within this state," O.C.G.A. § 9-10-91, Plaintiff has not—and cannot—allege facts showing that exercising personal jurisdiction over Meta in Georgia court would satisfy constitutional due process. Accordingly, personal jurisdiction is lacking, and dismissal is required.

      1.    <u>Meta is not subject to general personal jurisdiction in Georgia.</u>

*First*, there is no basis for general personal jurisdiction over Meta in Georgia. A court may exercise general jurisdiction over a nonresident defendant only when its "affiliations with the State are so 'continuous and systematic' as to render [it]

essentially at home in the forum State." *Goodyear*, 564 U.S. at 919 (2011). Absent exceptional circumstances, a corporate defendant is "at home" only in its state of incorporation or where it maintains its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Meta is not "at home" in Georgia. Plaintiff concedes that Meta is incorporated in Delaware and maintains its principal place of business in Menlo Park, California. Compl. ¶ 4; *see, e.g.*, *Romero v. Meta Platforms, Inc.*, No. 23-cv-3306, 2024 WL 1554826, at *4 (D.S.C. Mar. 14, 2024) (finding no general jurisdiction in South Carolina where Meta is Delaware corporation with primary place of business in California), *aff'd*, 2024 WL 5200156 (4th Cir. Dec. 23, 2024). Nor does the Complaint allege facts sufficient to establish this as an "exceptional case" in which Meta's operations in Georgia are "so substantial and of such a nature as to render [it] at home" in the State. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 403 (2017). The Complaint contains no allegations regarding Meta's operations or activities in Georgia beyond the conclusory assertion that Meta "conducts substantial business in the State of Georgia through its operation of the social media platform Facebook." Compl. ¶ 6. Such allegations are insufficient. *See Leslie v. VyStar Credit Union*, No. 21-cv-02672, 2021 WL 7708420, at *4 (N.D. Ga. Oct. 13, 2021) (rejecting general jurisdiction based on a "conclusory claim that [defendant] 'has several continuous and systemic contacts with the State'"), *report and recommendation adopted*, 2021

WL 7708555 (N.D. Ga. Nov. 10, 2021); *see also Garrett-Alfred v. Facebook, Inc.*, 540 F. Supp. 3d 1129, 1136 (M.D. Fla. 2021) (finding no general jurisdiction over Facebook); *Romero*, 2024 WL 3466403, at *4-5 (same); *Rich v. Meta Platforms, Inc.*, 2023 WL 8355932, at *5 (D. Mass. Dec. 1, 2023) (same).

2.    There is no basis for specific jurisdiction over Meta.

*Second*, Plaintiff has also failed to allege facts establishing specific personal jurisdiction over Meta. Specific jurisdiction arises out of a "party's activities in the forum that are related to the cause of action alleged in the complaint." *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286 (11th Cir. 2000). It has long been recognized that a court "has the minimum contacts to support specific jurisdiction only where the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (citation omitted). To exercise specific jurisdiction over a nonresident defendant, therefore, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 264 (2017) (quoting *Goodyear*, 564 U.S. at 919). The inquiry generally focuses on whether the defendant's "conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Critically, the analysis

turns on "whether the defendant's actions connect [it] to the forum," not on the *plaintiff's* contacts with the forum. *Walden v. Fiore*, 571 U.S. 277, 288–89 (2014).

Here, there is no basis for the exercise of specific jurisdiction over Meta because Plaintiff fails to allege any conduct by Meta that was purposefully directed toward Georgia whatsoever—let alone conduct giving rise to Plaintiff's claims. Plaintiff's conclusory assertion that "Defendant conducts substantial business in the State of Georgia" through its operation of Facebook, Compl. ¶ 6, is entirely untethered to her allegations and insufficient to establish specific jurisdiction. *See Snow v. DirecTV, Inc*., 450 F.3d 1314, 1318 (11th Cir. 2006) ("[V]ague and conclusory allegations . . . are insufficient to establish a prima facie case of personal jurisdiction."); *Glob. Garlic, Inc. v. Distribuidora Mi Honduras, LLC*, No. 20-cv-4882, 2021 WL 5034376, at *5 (N.D. Ga. Apr. 29, 2021) (no specific jurisdiction based on "conclusory allegations" of forum sales).

The only apparent connection between this action and Georgia is Plaintiff's alleged residence in the State. Compl. ¶ 3. Indeed, the Facebook account that is the subject of this litigation relates to Plaintiff's mother who is allegedly located in Iran, underscoring the lack of any connection this case has to this District. *Id.* ¶ 7. Plaintiff's location, standing alone, cannot establish minimum contacts by Meta. *See Walden*, 571 U.S. at 284 (a plaintiff cannot "satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff . . . and the forum

9

State").

Nor can Plaintiff establish specific jurisdiction based on her ability to access Facebook in Georgia. The mere ability to access a defendant's website does not constitute purposeful availment sufficient to support specific jurisdiction. *See Fraser v. Smith*, 594 F.3d 842, 847 (11th Cir. 2010) (the "mere existence of a website that is visible in a forum" is insufficient). Courts in this Circuit regularly dismiss similar claims against Meta for lack of personal jurisdiction. *See, e.g.*, *Njem v. Facebook, Inc.*, No. 20-cv-3385 (N.D. Ga. Sept. 18, 2020); *Garrett-Alfred v. Facebook, Inc.*, 540 F. Supp. 3d 1129, 1136 (M.D. Fla. 2021); *Harrison v. Facebook, Inc.*, No. 18-cv-0147, 2019 WL 1090779, at *3-4 (S.D. Ala. Jan. 17, 2019), *report and recommendation adopted*, No. 18-cv-147, 2019 WL 1102210 (S.D. Ala. Mar. 8, 2019).

Because Plaintiff has failed to allege facts establishing any basis for personal jurisdiction over Meta in Georgia, the Complaint must be dismissed.

**B.    Plaintiff's Claims Should Be Dismissed Under Rule 12(b)(6).**

Plaintiff's Complaint independently fails on the merits because each of Plaintiff's causes of action fail to state a claim upon which relief can be granted.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

10

*Twombly*, 550 U.S. 544, 570 (2007)). A "formulaic recitation" of the elements of a claim does not suffice, and a court cannot sustain a claim if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 681.

1.    Plaintiff fails to state a copyright infringement claim.

To state a claim under the Copyright Act, a plaintiff must plead: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's purported copyright claim—whether framed as direct or contributory infringement—fails on multiple independent grounds.

*First*, Plaintiff fails to plead ownership of a valid copyright, which is fatal to her claim. Indeed, as the Court already acknowledged at the January 14, TRO Hearing—and which Plaintiff conceded at the same—Plaintiff does not have any "copyright entitlement or rights to assert anything is copywritten here." Tr. at 5:23, 14:11-13.

The Copyright Act expressly provides that "no civil action for infringement of the copyright . . . shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Accordingly, a valid copyright registration is a statutory precondition to filing an infringement action. *Weinwacker v. Wahl Clipper Corp.*, 2024 WL 2796533, at *3 (11th Cir. May 31, 2024) (ownership of a valid copyright requires compliance with the statutory

formalities, including registration); *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, 2023 WL 3454614, at *5 (11th Cir. May 15, 2023) (plaintiff could not bring a copyright claim without a registration).

Plaintiff does not allege facts establishing that any copyright was ever registered. She does not attach a valid copyright registration certificate or otherwise sufficiently establish that the Copyright Office granted registration. Courts routinely dismiss copyright claims on this basis. *See, e.g.*, *O.W.A., Inc. v. Gump's Corp.*, 2014 WL 12235191, at *6 (N.D. Ga. Oct. 9, 2014) (dismissing complaint where plaintiff failed to allege ownership of a valid copyright); *Williams v. University of Georgia Athletic Dep't*, 2010 WL 5350170 at *3 (M.D. Ga. Nov. 24, 2010) (same). In fact, Plaintiff has now *admitted* to the Court that she did not register the Mohajer Photo. Tr. at 5:23.

To the contrary, Exhibit B to the Complaint affirmatively states that the Mohajer Photo is "unregistered" and that any application is merely "pending."[2] A pending application is insufficient as a matter of law. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 302 (2019) ("registration…has been

---

[2] Adding to the confusion, on January 23, 2026, Plaintiff filed a "Report on the Filing or Determination of an Action Regarding a Patent or Trademark," in which she represented that this action involves a trademark—not a copyright—and further stated that no trademark is registered. [Doc. 12-2]. The filing also identifies the purported trademark as belonging to Plaintiff's mother and asserts that it was "assigned to Plaintiff." None of these representations supports Plaintiff's claim of ownership of a registered copyright; to the contrary, they underscore the absence of any allegation that Plaintiff owns a valid, registered copyright at all.

made" only when "the Copyright Office grants registration"). This defect requires dismissal with prejudice. *See id.*; *Fastcase, Inc. v. Lawriter*, LLC, 907 F.3d 1335, 1341 (11th Cir. 2018) (explaining that "a complaint claiming infringement of an unregistered copyright can be dismissed for failure to state a claim").

*Second*, the copyright claim against Meta independently fails because Plaintiff does not sufficiently allege copying of the Mohajer Photo. Plaintiff does not allege that Meta—or anyone else—copied any protected elements of Plaintiff's alleged work, much less "constituent elements . . . that are original." *Feist*, 499 U.S. at 361. Instead, the Complaint alleges that Plaintiff's mother exercised control over the Facebook account on which the photograph appeared, including by providing credentials and authorizing Plaintiff to delete the Mohajer Photo. *See* Compl. ¶¶ 16-17. Plaintiff does not explain how that alleged conduct constitutes copying of Plaintiff's work, nor does she specifically allege that any third party reproduced protected elements of Plaintiff's content. Absent specific allegations of copying, Plaintiff fails to state a claim as a matter of law. *See Ohanian v. Tekno Products, Inc.*, 2019 WL 9633219, at *2 (N.D. Ga. Jan. 10, 2019) (dismissing copyright claim where plaintiff failed to allege copying of his work); *Bennett v. Walt Disney Co.*, 2023 WL 5624651, at *7 (N.D. Ga. Aug. 1, 2023) (same).

*Third*, to the extent Plaintiff purports to assert a claim for contributory infringement (*see* Compl. ¶39), that claim fails as a matter of law. Plaintiff has not

pled a viable claim for direct infringement against Meta or otherwise, and a contributory infringement claim cannot proceed without direct infringement. *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 845 (11th Cir. 1990). Even setting that defect aside, Plaintiff fails to allege facts to establish contributory infringement. She asserts only, in conclusory fashion, that Meta "materially contributed" to infringement by allegedly preventing her from deleting the content. Such allegations—absent any facts plausibly suggesting that Meta "intentionally induc[ed] or encourag[ed] direct infringement," *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)—fall short of the standard required to state a contributory infringement claim. *See*, *e.g.*, *Ledford v. Keyes*, No. 1:23-cv-02140, 2023 WL 12207459, at *3 (N.D. Ga. Nov. 20, 2023) (holding that "unsupported, sparse allegations" based on a plaintiff's "belie[f]" are insufficient to plausibly infer intentional inducement or encouragement of infringement).

Accordingly, Plaintiff's copyright claim fails as a matter of law and should be dismissed with prejudice.

## 2. Plaintiff fails to state an IIED claim.

To state a claim for IIED under California law,[3] a plaintiff must allege: "(1)

---

[3] As discussed above, California law applies to Plaintiff's state law claim because the Terms have a California choice of law provision that encompasses "any claim, cause of action, or dispute." Notwithstanding, the standard to state a claim for IIED under Georgia law is materially identical, and therefore, applying Georgia law would not change the result. *See Graham-Kilby v. J.P.*

extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering [of] severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993). Conduct is "extreme and outrageous" only where it "exceed[s] all bounds of that usually tolerated in a civilized community." *Batuhan v. Assurity Fin. Servs., LLC*, No. 15-cv-03742, 2016 WL 1055107, at *4 (N.D. Cal. Mar. 16, 2016).

*First*, Plaintiff's IIED claim fails because she does not allege that Meta acted with the requisite intent to cause emotional distress. To satisfy the intent element, a plaintiff must allege that the defendant either "intended to inflict injury" or engaged in conduct "with the realization that injury will result." *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009). Plaintiff does neither. At most, Plaintiff alleges that Meta failed to prevent harm—namely, that a third party created on Facebook a profile that designates her mother as "Director" of an allegedly subversive organization, which Meta allegedly did not remove (itself or by providing Plaintiff with access). Compl. ¶ 39. Allegations of passive conduct or inaction are insufficient to establish the intent required for an IIED claim. *Davidson v. City of Westminster*, 32 Cal. 3d 197, 210

*Morgan Chase, N.C.*,1:22-CV-1221, 2023 WL 2908831, at *8 (N.D. Ga. Jan. 13, 2023) (listing elements).

(1982) ("Absent an intent to injure, [alleged] inaction is not the kind of 'extreme and outrageous conduct' that gives rise to liability under the 'intentional infliction of emotional distress tort.'"); *see, e.g., Reaud v. Facebook, Inc.*, No. 23-cv-06329, 2024 WL 4126066, at \*3 (N.D. Cal. Sept. 9, 2024) (dismissing IIED claim where plaintiff failed to allege that Meta acted with intent to cause emotional distress).

*Second,* Plaintiff fails to plausibly allege that Meta's purported conduct—"hosting a profile," locking her out of a Facebook account, preventing her from removing the profile's contents by requiring a security protocol for further access (Compl. ¶¶ 21-23)—is extreme or outrageous. To satisfy this element, a plaintiff must allege with "great[] specificity" conduct that exceeds all bounds of decency tolerated in a civilized society. *Vasquez v. Franklin Mgmt. Real Est. Fund, Inc*., 222 Cal. App. 4th 819, 832 (2013). Plaintiff's conclusory allegations that it is "extreme and outrageous" for a "U.S. Corporation to lock a user out of their own account" fall far short of this demanding standard. Compl. ¶ 41; *see Hernandez v. First Student, Inc*., 37 Cal. App. 5th 270, 277 (2019) (courts disregard conclusory allegations unsupported by facts); *King v. Facebook, Inc.*, 572 F. Supp. 3d 776 (N.D. Cal. Nov. 12, 2021) (dismissing IIED claim for failure to allege outrageous conduct).[4]

---

[4] Plaintiff also fails to sufficiently allege Meta's conduct "of not taking [the] page down" is what has caused her alleged injury—"the continued custody of her mom"—as opposed to the conduct of the Iranian government. *See* Tr. at 14:14-19. Indeed, it is unclear whether removal of the content will "cause her sentence to be reversed and/or her sentence to be lessened." Tr. at 10:16-18; *see, e.g., Zakarya v. Wells Fargo Bank, N.A.*, 2025 WL 1090155, at \*2 (C.D. Cal. Feb. 3, 2025).

*Third,* Plaintiff's IIED claim fails because the Terms to which Plaintiff agreed as a condition of using Facebook expressly disclaim liability for the alleged underlying issues. *See* Allen Decl. ¶3. Indeed, the Terms make clear that Facebook is provided "as is" and that Meta makes no guarantees that its services will be "safe, secure, or error-free," or that it will function "without disruptions, delays, or imperfections," and further disclaim responsibility for the actions or conduct of third parties. *Id.*, Ex. A § 4.3. Moreover, the Terms do not place any affirmative *obligation* on Meta to remove certain content or users. *Id.* ("We *can* also suspend or disable your account for conduct that violates these provisions, as provided in Section 4.2. (emphasis added)); *see, e.g.*, *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016) ("while Facebook's Terms of Service "place restrictions on users' behavior," they "do not create affirmative obligations."), *aff'd*, 700 F. App'x 588 (9th Cir. 2017); *King v. Facebook*, No. 19-CV-01987-WHO, 2019 WL 6493968 (N.D. Cal. Dec. 3, 2019) (same). Because Plaintiff's IIED claim seeks to hold Meta liable for allegedly restricting her ability to access the underlying Facebook account, Compl. ¶ 41—precisely the type of disruption addressed by these provisions—the claim is barred by the Terms. *See, e.g., Baldwin-Kennedy v. Meta Platforms Inc.*, No. 23-cv-06615, 2025 WL 1935433, at *2 (N.D. Cal. June 5, 2025) (finding Terms barred claims based on alleged failure to protect account).[5]

---

[5] Additionally, Plaintiff's purported damages—including emotional distress and punitive

**C.      Section 230 of the Communications Decency Act Bars Plaintiff's IIED Claim and Request for Injunctive Relief.**

Plaintiff's IIED claim and request for injunctive relief independently fail because they are barred by Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230(c)(1).[6] Section 230 states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). As courts have repeatedly recognized, Section 230 "precludes courts from entertaining claims that would place a computer service provider in a publisher's role." *McCall v. Zotos*, No. 22-11725, 2023 WL 3946827, at *2 (11th Cir. June 12, 2023).

Accordingly, a claim is barred under Section 230(c)(1) if: (1) the defendant is a provider "of an interactive computer service"; (2) the content at issue was "provided by another information content provider"; and (3) the claim seeks to treat the defendant as the "publisher or speaker" of that content. 47 U.S.C. § 230(c)(1). Plaintiff's IIED claim and request for injunctive relief satisfy all three requirements and therefore must be dismissed.

---

damages—are barred by the Terms' limitation of liability provision, which expressly disclaims liability for "consequential, special, indirect, exemplary, [and] punitive" damages arising out of or related to Meta's products and caps any aggregate liability at the greater of $100 or the amount paid by the user in the preceding twelve months. Allen Decl., Ex. A § 4.3.

[6] Although claims arising under intellectual property law are generally exempt from Section 230, *see* 47 U.S.C. § 230(e)(2), Plaintiff has nonetheless failed to plead a viable copyright claim.

18

### 1. Meta is an interactive computer service provider.

Meta easily qualifies as an interactive computer service provider. Section 230 defines an "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Courts have uniformly held that Facebook, Instagram, and similar online services fall squarely within this definition. *See, e.g., Sikhs for Justice, Inc. v. Facebook*, Inc., 697 F. App'x 526, 526 (9th Cir. 2017) (Facebook is an interactive computer service provider); *Loomer v. Zuckerberg*, No. 22-cv-2646, 2023 WL 6464133, at *12 (N.D. Cal. Sept. 30, 2023) (same); *see also Dowbenko v. Google Inc.*, 582 F. App'x 801, 805 (11th Cir. 2014) (Google is an interactive computer service provider).

### 2. The content at issue was provided by someone other than Meta.

Section 230's second requirement is met because Plaintiff seeks to hold Meta liable for information provided by an "information content provider" other than Meta—specifically, Plaintiff, Plaintiff's mother, or some other third party. *See* 47 U.S.C. § 230(c)(1). Section 230 bars claims based on content "provided by another information content provider," which the statute defines as a person or entity "responsible, in whole or in part, for the creation or development of" the content at issue. 47 U.S.C. § 230(f)(3); *see McCall*, 2023 WL 3946827, at *3 (Section 230

barred claim based on a defamatory third-party review because Amazon "did not create or develop the defamatory review even in part").

Here, Plaintiff's allegations rest entirely on third-party content consisting of Plaintiff's mother's photograph and an allegedly false job title entry. At bottom, Plaintiff complains that Meta failed to remove the third-party content. *See, e.g.*, Compl. ¶ 11. Plaintiff does not allege that Meta created or developed any portion of the challenged content. Because the underlying content was provided by an information content provider other than Meta, the second prong of Section 230 immunity is satisfied. *See Mezey v. Twitter, Inc.*, No. 18-cv-21069, 2018 WL 5306769, at *1 (S.D. Fla. July 19, 2018) ("Plaintiff is the information content provider as he created the relevant content associated with his Twitter account."); *Fed. Agency of News LLC*, 395 F. Supp. 3d at 1306 (requirement satisfied where the complaint admitted plaintiff was the source of the information); *Hicks v. Bradford*, 2023 WL 6190884, at *3 (C.D. Cal. Aug. 17, 2023) (same where "third parties voluntarily provided all the content at issue").

3.  The Complaint seeks to hold Meta liable for its purported exercise of traditional editorial functions.

Section 230's third requirement is also met because Plaintiff's claims seek to treat Meta as the "publisher" of third-party content. A claim treats a defendant as a publisher for Section 230 purposes when it seeks to impose liability for the defendant's exercise of "traditional editorial functions—such as deciding whether to

publish, withdraw, postpone or alter content." *Dowbenko* 582 F. App'x at 805; *see also McCall*, 2023 WL 3946827, at *3 (Section 230 barred claim seeking to hold Amazon liable for failing to remove a third-party review).

Here, Plaintiff's claims are premised on Meta's alleged (i) failure to remove specific third-party content from Plaintiff's mother's Facebook account and (ii) refusal to allow Plaintiff to access the Facebook account. These decisions regarding whether to permit content or users on Facebook are quintessential editorial functions that cannot give rise to liability under Section 230. *See, e.g., Griffin v. Google*, 2020 WL 6781624, at *4 (S.D. Ga. Nov. 18, 2020) (dismissing claims against Meta and other online service providers related to alleged failure to screen users); *Doe v. Fenix Int'l, Ltd.*, 2025 WL 336741, at *3 (S.D. Fla. Jan. 30, 2025) (Section 230 barred claim alleging defendant allowed certain content on service); *Hicks*, 2023 WL 6190884, at *3 (Section 230 barred claims related to third-party defamatory content); *Lloyd v. Facebook, Inc.*, 2022 WL 4913347, at *8 (N.D. Cal. Oct. 3, 2022) (Section 230 barred claims related to failure to remove content); *Glazer v. Meta Platforms, Inc.*, 2025 WL 2958810, at *5 (D. Md. Oct. 17, 2025) (same); *Reaud*, 2024 WL 4126066, at *4 (Section 230 precluded claims related to Meta allowing content by third parties and its blocking plaintiff's access to Facebook).

Because Plaintiff's claims seek to impose liability on Meta for precisely the type of decisions that Section 230 protects, Plaintiff's IIED claim and request for injunctive relief[7] are independently barred by Section 230(c)(1).

### D.    Plaintiff Should Not Be Granted Leave to Amend.

Plaintiff should not be permitted to replead her claims because amendment would be futile. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000). As set forth above, Plaintiff's claims suffer from fatal deficiencies that cannot be cured through amendment, including her failure to allege ownership of a registered copyright. Moreover, Plaintiff's IIED claim and request for injunctive relief are barred by Section 230(c)(1) regardless of what additional facts Plaintiff might plead. Courts routinely deny leave to amend on this basis. *See King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 795 (N.D. Cal. 2021) (dismissing claims barred by Section 230 with prejudice because "it would be futile for [plaintiff] to try to amend the claim[s]"); *Brittain v. Twitter, Inc.*, No. 19-cv-114, 2019 WL 2423375, at *4 (N.D. Cal. June 10, 2019) (dismissing claims under Section 230 with prejudice "[b]ecause plaintiff cannot cure this defect"); *Hopkins v. Doe*, No. 11-cv-100, 2011

---

[7] Plaintiff's request for injunctive relief is also barred by Section 230, as the "expansive scope of CDA immunity has been found to encompass . . . requests for injunctive relief." *Wells v. YouTube, LLC*, No. 3:20-cv-01047, 2021 WL 2652966, at *4 (N.D. Tex. May 17, 2021); *see also Hassell v. Bird*, 420 P.3d 776, 788 (Cal. 2018). Moreover, Plaintiff's request for injunctive relief fails for the additional reason that injunctive relief is a remedy, not a standalone cause of action. Because Plaintiff fails to state any viable underlying claim, there is no legal basis for injunctive relief. *See Snyder v. Wachovia Mortg.*, 2010 WL 2736945, at *7 (E.D. Cal. Jul. 12, 2010).

WL 5921446, at *1 (N.D. Ga. Nov. 28, 2011) (denying leave to amend where plaintiff's claims were barred by Section 230 immunity). The same result should follow here.

**E.    Alternatively, This Case Should Be Transferred to the Northern District of California.**

If the Court declines to dismiss the action outright, it should transfer this case to the Northern District of California pursuant to the parties' mandatory forum selection clause.

Under 28 U.S.C. § 1404(a), transfer is appropriate when the parties have agreed to litigate in a particular forum through a valid forum selection clause. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. Tex.*, 571 U.S. 49, 56 (2013). Here, Plaintiff agreed to the Terms when she registered to use Facebook (Compl. ¶ 6), which require that any action "arising out of or relating to these Terms or the Facebook Products" be brought exclusively in "the U.S. District Court for the Northern District of California or a state court located in San Mateo County." Allen Decl., Ex. A § 4.4. There is no basis to disregard that agreement.

*First*, the forum selection clause is valid and enforceable. Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Courts across the country have repeatedly held that Meta's forum selection clause is valid and enforceable. *See, e.g.,*

*Dean v. Meta Platforms, Inc.*, No. 24-cv-2242, ECF No. 55 (M.D. Fla. Oct. 28, 2025); *Davis v. Meta Platforms, Inc.*, No. 22-cv-01001, 2023 WL 4670491, at *9 (E.D. Tex. July 20, 2023). Plaintiff alleges no facts suggesting that enforcement would be "unreasonable and unjust" or that the clause is invalid due to fraud or overreaching. *M/S Bremen*, 407 U.S. at 15.

*Second*, the forum selection clause squarely covers Plaintiff's claims. The clause applies broadly to "[a]ny claim, cause of action, or dispute" that "arises out of or relates to" the Terms or Meta's services. Allen Decl., Ex. A § 4.4. Plaintiff's claims arise directly from her access to Facebook—specifically, her alleged inability to access the underlying Facebook account and to remove content appearing on Facebook. *See* Compl. ¶¶ 21-23. Courts routinely enforce Meta's forum selection clause in similar circumstances. *See, e.g., Ligon v. Meta Platforms, Inc.*, 1:24-CV-03540-JPB (May 5, 2025 N.D. Ga.) (transferring case to the Northern District of California pursuant to forum selection clause in Meta Terms).

Because Plaintiff's claims fall squarely within the scope of a valid, mandatory forum selection clause, the Court should enforce the clause and transfer this action to the United States District Court for the Northern District of California if it does not dismiss the case outright.

## IV.    CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court dismiss

the Complaint for lack of personal jurisdiction and for failure to state a claim. In the alternative, the Court should transfer this matter to the Northern District of California.

Respectfully submitted this 2nd day of February, 2026.

**/s/ Kana Caplan**
Jeffrey D. Horst
Georgia Bar No. 367834
Kana Caplan
Georgia Bar No. 621805
*Counsel for Defendant*
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
horst@khlawfirm.com
caplan@khlawfirm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, using font type of Times New Roman and a point size of 14.

This 2nd day of February, 2026.

<u>**s/ Kana Caplan**</u>
Kana Caplan
*Counsel for Defendant*