## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CARLY WELKIN, | |
| Plaintiff, | |
| v. | Civil Action No. |
| META PLATFORMS, INC., | 1:26-cv-00148-ELR |
| Defendant. | |

## DEFENDANT META PLATFORM INC.'S REQUEST FOR JUDICIAL NOTICE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Meta Platforms, Inc. ("Meta"), pursuant to Rule 201(b) of the Federal Rules of Evidence, requests that this Court take judicial notice of, and for purposes of evaluating Meta's Motion to Dismiss, or, in the alternative, Motion to Transfer Plaintiff's Complaint, the following document: the Facebook Terms of Use, in effect in October 2025 (the date that Plaintiff alleges it notified Meta to remove the underlying content at-issue in her Complaint) (*see* [Doc. 1] Complaint ¶ 28)), and attached as Exhibit A to the Declaration of Jennifer Allen in Support of Meta's Request for Judicial Notice.

## I.  LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "must consider the complaint in its entirety, as well as . . . matters of which

a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

14 U.S. 308, 322 (2007). Courts may take judicial notice of facts that are "not subject

to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable

dispute that (1) are "generally known within the trial court's territorial jurisdiction;

or (2) can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned." *Id.* Courts "must take judicial notice if a party requests

it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

## II.  <u>ARGUMENT</u>

Here, Meta respectfully requests that the Court take judicial notice of Exhibit

A because it is "not subject to reasonable dispute" and "can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

Evid. 201(b). Exhibit A is the proper subject of judicial notice because a court may

take judicial notice of publicly accessible websites. *Watts v. Joggers Run Property

Owners Ass'n, Inc.*, 133 F.4th 1032, 1035 n.3 (11th Cir. 2025) (taking judicial notice

of defendant's relevant bylaws and rules available on its website); *Fla. Evergreen

Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1262 n.21 (S.D.

Fla. 2004) (taking judicial notice of information on a party's website), *aff'd*, 470 F.3d

1036 (11th Cir. 2006); *Omnibus Trading, Inc. v. Gold Creek Foods, Inc.*, 591 F.

Supp. 3d 1334, 1345 (N.D. Ga. Sept. 2, 2021) (taking judicial notice of guidance

published on website); *Zarfati v. Artsana USA, Inc.*, 2025 WL 373081 (taking

judicial notice of exhibits from "publicly available websites") (citing *U.S. ex rel. Osheroff v. Humana Inc*., 776 F.3d 805, 812, n.10 (11th Cir. 2015)).

And federal courts throughout the country have routinely taken judicial notice of publicly available terms of service, including Meta's Terms of Service for Facebook. *See, e.g., Williams v. X Corp.*, 2025 WL 2801626, at *1 n.2 (S.D. Ala. Oct. 1, 2025) (taking judicial notice of defendant's online terms and conditions); *In re Facebook, Inc. Sec. Litig*., 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020) (taking judicial notice of Meta's privacy policy); *Castronuova v. Meta Platforms, Inc*., et al., No. 24-cv-7511, 2024 WL 1623274, at *5, n.5 (E.D.N.Y. Apr. 15, 2024) (taking judicial notice of Meta's Terms and Community Standards); *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1001-02 (N.D. Cal. 2024) (taking judicial notice of Meta's Terms and other documents publicly available on its website); *Force v. Facebook*, 934 F.3d 53, at *n.5 (2d Cir. 2019) (taking judicial notice of Meta's Terms and Community Standards); *Tatum v. X Corp.*, 733 F. Supp. 3d 453, 458-59 (E.D.N.C. 2024) (taking "judicial notice of X's terms of service" because "[c]ourts may judicially notice information, including archived information, from publicly available websites"); *Jones v. Twitter, Inc.*, No. 20-cv-1963, 2020 WL 6263412, at *1 n.2 (D. Md. Oct. 23, 2020) (noting that "the publicly available Terms of Service are subject to judicial notice").

Moreover, the Meta Terms of Service are incorporated by reference in the Complaint and can be considered. In ruling on a motion to dismiss, the Court "must consider the complaint in its entirety, as well as … ***documents incorporated into the complaint by reference***, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 14 U.S. 308, 322 (2007) (emphasis added). Here, the Complaint incorporates the Meta Terms of Service because Plaintiff admits that she is a "creator of [content] on Defendant's platform," and references her own access to Facebook throughout the Complaint. *See* Compl. ¶¶ 5, 41. Accordingly, the Terms are "incorporated into [the complaint] by reference," and the Court may consider them in deciding this motion. *See MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1303 (11th Cir. 2022); *J.C. Penney Props., Inc. v. Hiram LL, LLC*, No. 13-cv-02984, 2016 WL 302095, at *2 (N.D. Ga. Jan. 25, 2016) (finding that the parties' contract, which was attached to the motion to dismiss, "may be considered in ruling on the [m]otion without converting the [m]otion to one for summary judgment, as [p]laintiffs assert a breach of contract claim[,]" and thus "the [c]ontract is incorporated by reference").

Accordingly, Meta respectfully requests that the Court take judicial notice of Exhibit A to the Declaration of Jennifer Allen, filed concurrently herewith.

Respectfully submitted this 2nd day of February, 2026.

**/s/ Kana Caplan**
Jeffrey D. Horst
Georgia Bar No. 367834
Kana Caplan
Georgia Bar No. 621805
*Counsel for Defendant*
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
Suite 3500, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
horst@khlawfirm.com
caplan@khlawfirm.com