FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 0 1 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| **CARLY WELKIN, Plaintiff,**<br><br>**v.**<br><br>**META PLATFORMS, INC., Defendant.** | **Case No. 1:26-cv-00148-ELR**<br>28 U.S.C. § 1338(a)<br>Copyright Infringement<br>The Honorable Eleanor L. Ross<br>United States District Judge<br>Filed: May 27, 2026 |

## PLAINTIFF'S <u>NOTICE OF SUPPLEMENTAL AUTHORITIES</u> AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF <u>RULE 15(c)(1) RELATION-BACK AMENDMENT</u> with

### extra emphasis on FRCP *Rule 15(d) Supplemental Pleadings*

Carly Welkin, Plaintiff Case No. 1:26-cv-00148-ELR (N.D. Ga.) Submitted: May 27, 2026

---

## SUMMARY

- Registration is now complete. Copyright Registration VAu 1-583-083 (effective March 9, 2026; registration decision April 17, 2026) has fully issued for Plaintiff's 48-photograph "Social" collection, satisfying any and all preconditions under 17 U.S.C. § 411(a). The defect Meta alleges no longer exists.

- Section 411(a) is non-jurisdictional — binding Supreme Court and 11th Circuit law controls. The Supreme Court in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), and the Eleventh Circuit in *Fastcase, Inc. v. Lawriter, LLC*, No. 17-14110 (11th Cir. Oct. 29, 2018 https://law.justia.com/cases/federal/appellate-courts/ca11/17-14110/17-14110-2018-10-29.html ), conclusively held that the copyright registration requirement is a claim-processing rule — not a limit on subject-matter jurisdiction. Meta's Rule 12(b)(1) motion is legally improper on this basis alone.

- *Fourth Estate* does not mandate dismissal with prejudice. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), confirmed that upon registration a copyright owner may recover for infringement occurring both before and after registration. It says nothing that compels dismissal with prejudice where registration has since issued.

- Leave to amend must be freely granted. Under Fed. R. Civ. P. 15(a) and *Foman v. Davis*, 371 U.S. 178 (1962), Plaintiff is entitled to amend her complaint to incorporate the now-issued registration. There is no undue delay, bad faith, or futility. An amended complaint would relate back to January 12, 2026 under Rule 15(c).

- Actual damages, disgorgement of profits, and injunctive relief remain fully available. Even if § 412 limits certain statutory damages for pre-registration infringement of unpublished works, Plaintiff's core remedies — actual damages, disgorgement of Meta's profits under 17 U.S.C. § 504(b), and permanent injunctive relief under 17 U.S.C. § 502 — are entirely unaffected and fully recoverable.

---

## TABLE OF CONTENTS

| Summary | 1 |
|---|---|
| Table of Contents | 2 |
| Table of Authorities | 3 |
| I. Introduction | 4 |
| II. Legal Standard | 5 |
| A. Standard Under Fed. R. Civ. P. 12(b)(6) | 5 |
| B. Standard Under Fed. R. Civ. P. 12(b)(1) | 5 |
| C. Jurisdictional Bars vs. Claim-Processing Rules | 5 |
| III. Argument — Section A: § 411(a) Is Non-Jurisdictional | 6 |
| A.1 — Reed Elsevier, Inc. v. Muchnick | 6 |
| A.2 — Fastcase, Inc. v. Lawriter, LLC (11th Cir. 2018) | 7 |
| A.3 — Implications for this Court | 8 |
| IV. Argument — Section B: Fourth Estate Does Not Mandate Dismissal With Prejudice | 9 |
| B.1 — Fourth Estate Public Benefit Corp. v. Wall-Street.com | 9 |
| B.2 — Registration VAu 1-583-083 Has Now Issued | 9 |
| B.3 — Proper Remedy Is Without-Prejudice Dismissal or Continuation | 10 |
| V. Argument — Section C: Leave to Amend Under Fed. R. Civ. P. 15 | 11 |
| C.1 — The "Freely Given" Standard | 11 |
| C.2 — Rule 15(c) Relation-Back | 11 |
| C.3 — Persuasive Authority Supporting Amendment | 12 |
| C.4 — Meta Suffers No Cognizable Prejudice | 12 |
| VI. Argument — Section D: Available Remedies Under §§ 502, 504, and 412 | 13 |
| VII. Argument — Section E: Dismissal With Prejudice Is Legally Improper | 15 |
| VIII. Proposed Relief Requested | 16 |
| IX. Conclusion | 17 |
| X. Table of Authorities | 18 |

# I. INTRODUCTION

PLEASE TAKE NOTICE that pro se Plaintiff Carly Welkin respectfully submits this Notice of Supplemental Authority to advise the Court of additional controlling and persuasive legal authority pertinent to Defendant Meta Platforms, Inc.'s pending Motion to Dismiss (ECF No. 13) and to Plaintiff's arguments under Federal Rule of Civil Procedure 15(c)(1) (relation-back of amendments) and Rule 15(d) (supplemental pleadings). These authorities include decisions of the United States Supreme Court and the binding Eleventh Circuit that were not fully addressed in Plaintiff's prior opposition (ECF No. 17). Plaintiff files this notice pursuant to the Court's inherent authority to consider pertinent legal authority and in light of the principle that pro se filings are to be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam) (pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers"). Plaintiff understands that no motion is required to submit this notice and respectfully acknowledges that the Court retains complete discretion to consider or disregard any portion of it.

1. Plaintiff Carly Welkin is an independent photographer residing in Decatur, Georgia. In 2021, she completed a body of 48 original, unpublished photographs titled the "Social" collection — works that represent her creative vision, artistic labor, and intellectual property. Defendant Meta Platforms, Inc. ("Meta"), one of the world's largest technology corporations, allegedly used those photographs without Carly Welkin's authorization, in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. This action, filed January 12, 2026, is Carly Welkin's legally proper attempt to vindicate her rights as an artist and a copyright holder.

2. Meta has filed a Motion to Dismiss (Filing #13, February 23–24, 2026) predicated on a single argument: that Carly Welkin lacked a registered copyright as of the date she filed her complaint, and that this defect strips this Court of subject-matter jurisdiction or otherwise requires dismissal. That argument, while superficially plausible, fundamentally mischaracterizes the state of applicable law. It is contrary to binding precedent from both the Supreme Court of the United States and the Eleventh Circuit Court of Appeals, which have held categorically that 17 U.S.C. § 411(a)'s registration requirement is not a jurisdictional bar.

3. Since the filing of the original Complaint, the United States Copyright Office has registered Copyright Registration VAu 1-583-083, covering the "Social" collection of 48 unpublished photographs authored by Carly Welkin. The effective date of registration is March 9, 2026, and the Copyright Office issued its registration decision on April 17, 2026. The precondition that § 411(a) contemplates — registration of the copyright claim — has been fully and formally satisfied. Any alleged defect in the original complaint is now cured.

4. The question before this Court is therefore not whether Carly Welkin has a valid registered copyright — she does — but whether Meta is entitled to a with-prejudice dismissal on

a procedural/timing ground that (a) was never jurisdictional to begin with; (b) has since been fully cured; and (c) was always susceptible to amendment under the Federal Rules. The answer, compelled by Supreme Court and 11th Circuit precedent, is no.

5. This memorandum demonstrates that: (1) § 411(a) is a non-jurisdictional claim-processing rule, precluding Meta's Rule 12(b)(1) argument; (2) the Supreme Court's decision in Fourth Estate does not mandate dismissal with prejudice when registration has since issued; (3) leave to amend should be freely granted under Rule 15; (4) Plaintiff's core remedies, including actual damages and disgorgement of Meta's profits, remain intact and available; and (5) dismissal with prejudice would be legally erroneous, unjust, and an abuse of discretion.

---

## II. LEGAL STANDARD

### A. Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

6. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint need only contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Dismissal under Rule 12(b)(6) is appropriate only when a plaintiff cannot prove any set of facts that would entitle them to relief. Twombly, 550 U.S. at 555–56. Critically, in evaluating a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

### B. Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

7. A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the court's subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A plaintiff bears the burden of establishing subject-matter jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). However, as established below, § 411(a) does not implicate this Court's subject-matter jurisdiction at all. Accordingly, a Rule 12(b)(1) motion premised on § 411(a) is legally improper.

### C. Distinction Between Jurisdictional Bars and Claim-Processing Rules

8. The Supreme Court has repeatedly and forcefully insisted on a clear distinction between true subject-matter jurisdictional requirements and non-jurisdictional claim-processing rules. As the Court explained in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), a statutory requirement is jurisdictional only if Congress "clearly states" that it is. Id. at 515–16. Where Congress does not

speak clearly, courts should treat a requirement as "an element of a plaintiff's claim for relief" rather than a limitation on the court's authority. Id. The practical consequences of this distinction are significant: a true jurisdictional bar may be raised at any time, cannot be waived, and must be raised sua sponte by the court if no party does so. *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004). By contrast, claim-processing rules "may be waived if the party asserting [them] fails to raise it in timely fashion." Id.

9. The following table illustrates how courts distinguish these categories in practice — the distinction that is dispositive to this Motion:

| Characteristic | Jurisdictional Requirement | Claim-Processing Rule (§ 411(a)) |
|---|---|---|
| Can the court raise it sua sponte? | Yes — mandatory | Not required; discretionary |
| Can the defect be waived? | No — never waivable | Yes — subject to waiver and forfeiture |
| Correct procedural vehicle | Fed. R. Civ. P. 12(b)(1) | Fed. R. Civ. P. 12(b)(6) only |
| Can defect be cured by later event? | No — goes to court's power | Yes — registration issued, cured |
| Does dismissal operate as on the merits? | No | No — Foss v. Marvic, No. 23-1214 (1st Cir. 2024) |
| Governing Supreme Court authority | Bowles v. Russell, 551 U.S. 205 (2007) | Reed Elsevier v. Muchnick, 559 U.S. 154 (2010) |
| Governing 11th Circuit authority | N/A for § 411(a) | Fastcase v. Lawriter, No. 17-14110 (11th Cir. 2018) |

## III. ARGUMENT

## SECTION A: 17 U.S.C. § 411(a) IS A NON-JURISDICTIONAL CLAIM-PROCESSING RULE, NOT A LIMIT ON SUBJECT-MATTER JURISDICTION

### A.1 — *Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010): The Supreme Court's Definitive Holding*

10. The Supreme Court of the United States resolved this question definitively in Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010). The Court unanimously held that § 411(a)'s registration requirement is not a jurisdictional bar to copyright infringement suits. The Court's holding was unambiguous:

> *"Section 411(a)'s registration requirement is a precondition to filing a copyright infringement claim . . . A copyright holder's failure to comply with that requirement does not restrict a federal court's subject-matter jurisdiction over infringement claims involving unregistered works." — Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 157 (2010)*

11. The Court employed its well-established framework from *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), asking whether Congress "clearly stated" that the registration requirement is

jurisdictional. The Court found that Congress had not. Although § 411(a)'s last sentence uses the word "jurisdiction," the Court noted that this sentence "speaks to a court's adjudicatory authority to determine a copyright claim's registrability and says nothing about whether a federal court has subject-matter jurisdiction to adjudicate claims for infringement." Reed Elsevier, 559 U.S. at 164. The Court analogized § 411(a) to the non-jurisdictional conditions at issue in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) (EEOC filing requirement) and Arbaugh (employee numerosity threshold under Title VII) — not to the jurisdictional time limit in Bowles v. Russell, 551 U.S. 205 (2007).

12. The significance of this holding cannot be overstated. Meta has framed its motion — at least in part — as an attack on this Court's subject-matter jurisdiction. Under *Reed Elsevier*, such an argument is legally foreclosed. This Court possesses full subject-matter jurisdiction over Carly Welkin's copyright infringement claim regardless of the registration status of her works at any point in time.

Section 411(a)'s registration requirement is a non-jurisdictional precondition to suit — analogous to claim-processing rules in Title VII, not a deprivation of federal court subject-matter jurisdiction. A court's failure to register copyrights does not strip a federal court of authority to adjudicate. 559 U.S. at 157, 167.

### A.2 — Fastcase, Inc. v. Lawriter, LLC, No. 17-14110 (11th Cir. Oct. 29, 2018): Binding 11th Circuit Authority

13. Of critical and direct importance to this Court is the Eleventh Circuit's decision in *Fastcase, Inc. v. Lawriter, LLC*, No. 17-14110 (11th Cir. Oct. 29, 2018). This decision is binding precedent in the Northern District of Georgia, and it is controlling on the precise question raised by Meta's motion.

14. In Fastcase, the Eleventh Circuit vacated a district court's dismissal for lack of subject-matter jurisdiction premised on the defendant's failure to register a copyright. The district court had relied on the pre-Muchnick precedent of *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.* The Eleventh Circuit reversed, applying *Reed Elsevier* directly and squarely:

> "[U]nregistered status 'might subject a hypothetical infringement claim to dismissal under Rule 12(b)(6), but . . . does not restrict a federal court's subject-matter jurisdiction.' . . . Because § 411(a)'s registration requirement is not jurisdictional, the District Court here had jurisdiction over the suit despite the fact that [the party] had not registered a copyright." — Fastcase, Inc. v. Lawriter, LLC, No. 17-14110, slip op. at 8–9 (11th Cir. Oct. 29, 2018) (quoting Reed Elsevier, 559 U.S. at 157)

15. The Fastcase panel further confirmed that the registration requirement, to the extent it has any procedural role to play, is properly classified as an element of the plaintiff's infringement claim — not a limitation on the court's adjudicatory authority. The court cited with approval the earlier Eleventh Circuit decision in Dowbenko v. Google, Inc., 582 F. App'x 801, 805 (11th Cir.

2014), which likewise recognized that "§ 411(a)'s registration requirement is not jurisdictional" and that any dismissal for unregistered status operates under Rule 12(b)(6) — not Rule 12(b)(1).

16. This precedent is binding on Judge Ross and on this Court. Meta's attempt to characterize Carly Welkin's alleged registration deficiency as a Rule 12(b)(1) jurisdictional matter is directly contrary to binding Eleventh Circuit authority. The motion must be denied on this ground alone.

16a. This Court's own Eleventh Circuit has gone further still. In *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486 (11th Cir. 1990 https://law.justia.com/cases/federal/appellate-courts/F2/903/1486/435761/ ), the Eleventh Circuit addressed a plaintiff who — precisely like Ms. Welkin — filed its copyright infringement complaint before its registration had issued, obtained registration shortly thereafter, and then moved to amend the complaint. Even acknowledging that the trial court was "at most, technically without jurisdiction," the Eleventh Circuit affirmed the amended complaint and reached the merits, invoking *Foman v. Davis* for the proposition that "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *M.G.B. Homes*, 903 F.2d at 1490 (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)). The court further invoked Fed. R. Civ. P. 61 and 28 U.S.C. § 2111 — the harmless error rule — to confirm that a technical defect not affecting substantial rights must be disregarded. Id. This is binding Eleventh Circuit precedent. After *Reed Elsevier* definitively established that § 411(a) is non-jurisdictional, the case for allowing amendment is immeasurably stronger.

*Fastcase, Inc. v. Lawriter, LLC*, No. 17-14110 (11th Cir. Oct. 29, 2018) is binding on the Northern District of Georgia. It holds that § 411(a)'s registration requirement is non-jurisdictional and that a district court errs in dismissing a copyright case for lack of subject-matter jurisdiction based solely on lack of registration. Meta's Rule 12(b)(1) motion is legally erroneous under this controlling authority.

### A.3 — Implications for This Court's Analysis

17. The combined force of Reed Elsevier and Fastcase yields four critical consequences for this case:

- Meta's Rule 12(b)(1) argument fails as a matter of law. Because § 411(a) does not implicate subject-matter jurisdiction, any motion predicated on Rule 12(b)(1) based on registration status is legally improper. This Court has, and has always had, subject-matter jurisdiction over Carly Welkin's copyright claim under 28 U.S.C. § 1338(a).

- Section 411(a) is subject to waiver and forfeiture. As a claim-processing rule, § 411(a)'s requirements can be waived if not timely asserted. While Meta has raised this argument in its Motion to Dismiss, the non-jurisdictional character of the rule means the Court is not obligated to treat it with the same gravity as a true jurisdictional defect.

- The Court is not required to raise the issue sua sponte. Unlike true jurisdictional defects, this Court need not raise § 411(a) compliance on its own motion and has full discretion in how to handle the claimed defect.

- Equitable discretion is available. Because the deficiency is procedural/timing-based and not jurisdictional, this Court has the **equitable authority** to allow amendment, stay proceedings, or take other appropriate action rather than dismissing the case — particularly now that registration has fully issued.

---

## SECTION B: FOURTH ESTATE DOES NOT MANDATE DISMISSAL WITH PREJUDICE; REGISTRATION HAS NOW ISSUED

### B.1 — *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. ___, 139 S. Ct. 881 (2019)*

18. In *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), the Supreme Court resolved a long-standing circuit split by holding that "registration occurs" — for purposes of § 411(a) — when the Copyright Office actually registers the copyright, not when the application is filed. Writing for a unanimous Court, Justice Ginsburg confirmed:

> *"Registration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright. Upon registration of the copyright, however, a copyright owner can recover for infringement that occurred both before and after registration." — Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 886 (2019)*

19. Two aspects of Fourth Estate are critically important to this case. First, the Court confirmed the "registration approach" — the Copyright Office must have acted — as the proper reading of § 411(a). Second, and equally important, the Court expressly confirmed that upon registration, the copyright owner may recover for infringement occurring both before and after registration. This eliminates any argument that Carly Welkin's pre-registration infringement claims are extinguished.

20. Meta will likely cite *Fourth Estate* for the proposition that the case should be dismissed because the Copyright Office had not yet acted when the complaint was filed. But Fourth Estate does not say that. The decision addresses the question of when a suit may be properly filed — it says nothing that compels dismissal with prejudice when registration has since occurred. Indeed, the most natural reading of *Fourth Estate* — that a copyright owner may recover for all pre- and post-registration infringement once registered — strongly supports allowing this case to proceed now that VAu 1-583-083 has issued.

*B.2 — Copyright Registration VAu 1-583-083 Has Now Fully Issued*

21. The dispositive fact before this Court, as of the date of this memorandum, is that the United States Copyright Office has registered Copyright Registration VAu 1-583-083. The pertinent details are as follows:

| Registration Detail | Information |
|---|---|
| Registration Number | VAu 1-583-083 |
| Title of Work | "Social" (group of 48 unpublished photographs) |
| Author / Claimant | Carly Welkin |
| Year of Completion | 2021 |
| Application / Certification Date | January 24, 2026 |
| Effective Date of Registration | March 9, 2026 |
| Copyright Office Decision Date | April 17, 2026 |
| Issuing Authority | United States Copyright Office (Library of Congress) |
| Status as of May 26, 2026 | Registration fully issued and in effect |
| Official Copyright Office Public Record | U.S. Copyright Office ↗ URL: https://publicrecords.copyright.gov/detailed-record/siebel_VAu001583083 |

22. The precondition that § 411(a) contemplates — that "registration of the copyright claim has been made in accordance with this title" — is now fully and formally satisfied. Under Fourth Estate, upon this registration, Carly Welkin may maintain this suit and recover for all infringement by Meta of her "Social" photographs, including any infringement occurring prior to March 9, 2026. The case should proceed. There is no remaining procedural basis for dismissal.

*B.3 — The Proper Remedy Was Always Without-Prejudice Dismissal or a Stay — Not Merits Termination*

23. Even accepting, solely for purposes of argument, that the original complaint was technically premature under § 411(a), the appropriate response was never dismissal with prejudice. The First Circuit's recent decision in *Foss v. Marvic Inc.*, No. 23-1214 (1st Cir. June 10, 2024 https://law.justia.com/cases/federal/appellate-courts/ca1/23-1214/23-1214-2024-06-10.html ), is persuasive and directly on point. In *Foss*, the First Circuit vacated a district court's dismissal on claim-preclusion grounds, holding that a prior dismissal based solely on failure to satisfy § 411(a)'s registration requirement was not a final judgment on the merits. Chief Judge Barron's opinion confirms that § 411(a) dismissals are procedural in nature and do not extinguish the plaintiff's underlying copyright claim. Foss, No. 23-1214, slip op. at 7–9 (1st Cir. June 10, 2024).

24. The practical implication of *Foss* is powerful: even if this Court were inclined to dismiss based on § 411(a), any such dismissal must be without prejudice. A with-prejudice dismissal would be legally unsound and subject to reversal on appeal. Moreover, given that registration has now issued, there is no rational basis for even a without-prejudice dismissal — the defect no longer exists.

25. Courts have regularly stayed copyright infringement proceedings pending the Copyright Office's registration determination rather than dismissing outright. See, e.g., *Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 619 (9th Cir. 2010) (noting alternatives to outright dismissal for § 411(a) deficiencies). This Court can and should simply allow the case to proceed with an amended complaint incorporating the now-issued registration.

---

## SECTION C: PLAINTIFF IS ENTITLED TO AMEND HER COMPLAINT UNDER FED. R. CIV. P. 15

### C.1 — The "Freely Given" Standard Under Rule 15(a)

26. Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." The Supreme Court's unanimous decision in Foman v. Davis, 371 U.S. 178 (1962), remains the authoritative interpretation of this provision. Justice Goldberg's opinion for the Court stated that leave to amend should be denied only when there is:

> *"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." — Foman v. Davis, 371 U.S. 178, 182 (1962)*

27. The Court further admonished: "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Foman*, 371 U.S. at 182.

None of the Foman factors warranting denial are present here:

| Foman Factor | Analysis in This Case | Present Here? |
| --- | --- | --- |
| Undue delay | Carly filed her opposition promptly (Feb. 9, 2026). Registration issued April 17, 2026. This memorandum is filed May 26, 2026 — within weeks of registration issuing. | No |
| Bad faith or dilatory motive | Plaintiff applied for registration January 24, 2026 — within days of filing the complaint. She acted with all diligence. There is no evidence of manipulation or delay. | No |
| Repeated failure to cure | This is the first request to amend. No prior amendments have been denied. | No |
| Undue prejudice to defendant | Meta has been on notice of this copyright claim since January 12, 2026. Amendment merely adds the registration number to an existing claim — no new theories or facts introduced. | No |
| Futility of amendment | Registration VAu 1-583-083 has issued. Amendment is not only non-futile — it is dispositive of Meta's only argument. | No |

28. Because no *Foman* factor weighs against amendment, this Court should grant Plaintiff leave to file an amended complaint. Refusal to do so would be an abuse of discretion under binding Supreme Court authority.

### C.2 — Rule 15(c) Relation-Back Doctrine

29. An amended complaint "relates back to the date of the original pleading" when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The relation-back doctrine exists to prevent forfeiture of claims on technical pleading grounds when the defendant has been on notice of the core factual dispute from the outset.

30. Here, Carly Welkin's amended complaint would assert exactly the same copyright infringement claim arising from exactly the same facts: Meta's alleged unauthorized use of her 48 "Social" photographs. The only change would be the addition of Copyright Registration No. VAu 1-583-083 — a ministerial update confirming a fact that already existed (Carly's authorship and ownership of the photographs) and a precondition that has now been satisfied. The amended complaint therefore arises from the identical "conduct, transaction, or occurrence" as the original pleading. Under Rule 15(c)(1)(B), it relates back to January 12, 2026.

### C.3 — Persuasive Authority Supporting Leave to Amend in Copyright Cases

31. Courts across the country have recognized that the appropriate remedy for a § 411(a) deficiency — where registration has since issued — is to allow amendment rather than to dismiss with prejudice. In *Lang Van, Inc. v. VNG Corp.* (C.D. Cal.), the district court allowed the plaintiff to amend the complaint to add copyright registrations that had issued after the original

complaint was filed, permitting the case to proceed. This is the sensible and justice-serving approach, consistent with the Federal Rules' fundamental purpose of resolving disputes on their merits.

32. The Eleventh Circuit has likewise emphasized that amendment is preferred to dismissal when the underlying merits are viable. See Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) ("a district court should allow a party to amend its pleadings if there is any possibility that the plaintiff could cure the defect"). Here, the "defect" has already been cured. Amendment is not merely possible — it is appropriate, necessary, and just.

### C.4 — Meta Suffers No Cognizable Prejudice from Amendment

### C.4(a) — M.G.B. Homes: Binding Eleventh Circuit Precedent Directly on Point

33a. The most powerful precedent in this Circuit for Plaintiff's position is M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486 (11th Cir. 1990). The procedural facts are nearly identical to those before this Court: *M.G.B. Homes* filed its copyright infringement complaint before its registration had issued; the trial court dismissed without prejudice; M.G.B. Homes obtained its registration and immediately moved to amend; the trial court allowed the amendment; and the Eleventh Circuit affirmed. The court acknowledged the filing was "at most, technically" a jurisdictional problem, yet held the amended complaint was proper and the case would proceed to the merits, quoting Foman v. Davis: "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." 903 F.2d at 1490.

33b. The Eleventh Circuit in *M.G.B. Homes* also rejected — as "spurious" — the argument that the plaintiff had unclean hands for having filed before registration issued. Id. at 1490 n.6. Meta's position here is equivalent. The court further found no cognizable prejudice to the defendant from the amendment — the same conclusion that applies here. *M.G.B. Homes* was decided in 1990, twenty years before *Reed Elsevier* settled the non-jurisdictional question. That the Eleventh Circuit was willing to exercise that latitude when it still treated § 411(a) as potentially jurisdictional compels the same result today, with even greater force, now that there is no jurisdictional barrier whatsoever. This case is binding authority that directly authorizes the relief Ms. Welkin seeks.

33. Prejudice to the opposing party is the central concern in evaluating leave to amend. *Foman*, 371 U.S. at 182. Meta cannot credibly claim prejudice here. Consider the following:

- Meta has been on full notice of Carly Welkin's copyright infringement claims since January 12, 2026 — the date the original Complaint was filed and served.

- Meta filed its Motion to Dismiss on February 23–24, 2026 — more than four months ago. It has been actively litigating this case the entire time.

- The amendment adds no new legal theories, no new factual allegations, no new parties, and no new claims. It simply attaches a registration number to a claim Meta has known about from day one.

- Meta, as a trillion-dollar corporation with a dedicated team of intellectual property litigation counsel, cannot seriously contend that adding a registration number to an existing complaint causes it any cognizable legal or strategic prejudice.

34. The amendment would simply conform Carly Welkin's pleading to a legal and factual reality that now indisputably exists. To deny leave to amend on these facts would elevate procedural technicality over substantive justice — precisely the outcome that Rule 15(a) is designed to prevent.

---

## SECTION D: REMEDIES ARE NOT EXTINGUISHED — 17 U.S.C. §§ 502, 504, AND 412 ANALYZED

### D.1 — *Actual Damages and Disgorgement of Profits Under § 504(b)*

35. Regardless of when registration occurred relative to the alleged infringement, Carly Welkin's most powerful remedies remain fully available. Section 504(b) of the Copyright Act provides:

> *"The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." — 17 U.S.C. § 504(b)*

36. Section 504(b) remedies — actual damages and disgorgement of profits — contain no registration timing requirement whatsoever. These remedies are available for all proven infringement regardless of when registration occurred. Under § 504(b), Carly Welkin may seek:

- Actual damages: The fair market licensing value of 48 original photographs wrongfully used by Meta without authorization. For a company of Meta's scale and reach, the licensing value of a collection of 48 original photographs could be substantial.

- Disgorgement of Meta's profits: Any profits that Meta derived from its unauthorized use of the "Social" photographs that are attributable to the infringement and not already accounted for in actual damages. Meta bears the burden of proving the portion of its profits not attributable to the infringement. 17 U.S.C. § 504(b); see *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402 (1940) https://supreme.justia.com/cases/federal/us/309/390/ .

### D.2 — Section 412 Analysis: What It Limits and What It Does Not

37. It is anticipated that Meta may argue that 17 U.S.C. § 412 eliminates Carly Welkin's remedies because the alleged infringement predated registration of her unpublished works. This argument is partially correct but critically incomplete — and Meta appears to conflate § 411(a) and § 412, which are entirely distinct provisions with distinct purposes.

38. Section 412 provides, in relevant part, that no award of statutory damages under § 504(c) or attorney's fees under § 505 shall be made for (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration, or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work. 17 U.S.C. § 412.

39. Section 412's reach is expressly limited to statutory damages (§ 504(c)) and attorney's fees (§ 505). It says nothing about actual damages under § 504(b), disgorgement of profits under § 504(b), or injunctive relief under § 502.

The following table clarifies the remedial landscape:

| Remedy | Statutory Authority | Available for Pre-Registration Infringement? | Affected by § 412? |
|---|---|---|---|
| Actual Damages | 17 U.S.C. § 504(b) | Yes — fully available | No — § 412 does not apply |
| Disgorgement of Defendant's Profits | 17 U.S.C. § 504(b) | Yes — fully available | No — § 412 does not apply |
| Statutory Damages | 17 U.S.C. § 504(c) | Limited — may be unavailable for pre-registration infringement of unpublished works | Yes — potentially limited by § 412 |
| Attorney's Fees | 17 U.S.C. § 505 | Limited — same as statutory damages | Yes — potentially limited by § 412 |
| Permanent Injunction | 17 U.S.C. § 502 | Yes — entirely independent of registration timing | No — § 412 does not apply |
| Impoundment / Destruction of Infringing Copies | 17 U.S.C. § 503 | Yes — available | No — § 412 does not apply |

### D.3 — Injunctive Relief Is Entirely Independent of Registration Timing

40. Section 502 of the Copyright Act provides that "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). This provision contains no registration timing requirement. Injunctive relief is available to Carly Welkin upon proof of infringement, regardless of when her registration issued. This is a powerful and independent remedy that is wholly unaffected by Meta's registration-timing arguments.

### D.4 — Section 411(a) and Section 412 Are Distinct — Meta Conflates Them

41. Meta's argument strategy appears to conflate two separate provisions of the Copyright Act: § 411(a), which governs the timing of suit, and § 412, which governs certain remedies.

These provisions serve entirely different functions and should be analyzed separately. The fact that § 412 may limit some remedies for pre-registration infringement of unpublished works (specifically, statutory damages and attorney's fees) does not mean the lawsuit itself must be dismissed under § 411(a). These are independent inquiries. Courts routinely permit copyright infringement actions to proceed where only actual damages and injunctive relief are sought, even when § 412 forecloses statutory damages. See *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700 (9th Cir. 2008) (analyzing § 412 independently of § 411(a) standing requirements).

42. In sum: Carly Welkin's right to sue is established by her registered copyright (VAu 1-583-083) and 17 U.S.C. § 411(a) as now satisfied. Her right to recover actual damages and Meta's profits is established by § 504(b). Her right to injunctive relief is established by § 502. None of these rights are eliminated by Meta's motion.

## SECTION E: META'S MOTION FOR DISMISSAL WITH PREJUDICE IS LEGALLY IMPROPER

### E.1 — Dismissal With Prejudice Based on § 411(a) Would Be an Abuse of Discretion

43. A dismissal with prejudice is a harsh and final sanction that permanently forecloses a plaintiff's claims. Under the law of this Circuit, dismissal with prejudice is appropriate only when a lesser sanction will not suffice, and not where the plaintiff can cure the underlying deficiency. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). The Eleventh Circuit has repeatedly emphasized that pro se plaintiffs in particular are entitled to a more lenient application of pleading requirements and should be given every opportunity to amend before dismissal with prejudice. *Epps v. Watson*, 492 F.3d 1240, 1244 n.6 (11th Cir. 2007).

44. Here, the alleged deficiency — premature filing under § 411(a) — was a timing issue, not a substantive defect in Carly Welkin's copyright ownership, authorship, or the validity of the alleged infringement. A dismissal with prejudice on this basis would be legally erroneous for the following independently sufficient reasons:

- It would contradict the binding holding of Reed Elsevier by treating a non-jurisdictional claim-processing rule as though it were a merits-extinguishing defect;
- It would contradict binding 11th Circuit precedent in Fastcase, which requires that § 411(a) arguments be treated under Rule 12(b)(6) — subject to the full range of Rule 15 remedies — rather than as jurisdictional bars;
- It would contradict Foman v. Davis, which requires freely giving leave to amend in the absence of bad faith, futility, or prejudice — none of which exist here;
- It would contradict Fourth Estate's confirmation that upon registration, the copyright owner may recover for all infringement, before and after; and

- It would ignore the persuasive authority of Foss v. Marvic, which confirms that § 411(a) dismissals are not on the merits and cannot support preclusion.

### E.2 — Foss v. Marvic Confirms the Non-Merits Character of Section 411(a) Dismissals

45. As noted above, the First Circuit's decision in Foss v. Marvic Inc., No. 23-1214 (1st Cir. June 10, 2024), held that a dismissal based exclusively on failure to satisfy § 411(a)'s registration precondition does not constitute a "final judgment on the merits" for claim-preclusion purposes. Chief Judge Barron, writing for the panel, concluded that the plaintiff's copyright infringement claim survived — despite a prior dismissal — because the prior dismissal was not on the merits. Foss, No. 23-1214, slip op. at 7–9 (1st Cir. June 10, 2024).

46. While Foss is a First Circuit decision and therefore persuasive rather than binding authority in this Court, its reasoning is powerful and well-grounded in the logic of Reed Elsevier. The holding is consistent with the Eleventh Circuit's own treatment of § 411(a) as a non-jurisdictional claim-processing rule. A with-prejudice dismissal would be functionally and legally indistinguishable from the kind of preclusive dismissal that Foss held to be improper. This Court should not commit the same error.

45a. *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1490 (11th Cir. 1990), is dispositive on the with-prejudice question. Even when the § 411(a) defect was treated as a potential jurisdictional problem, this Circuit refused to use it to terminate a plaintiff's substantive claims on the merits. The Eleventh Circuit rejected the defendant's argument that the plaintiff was guilty of "unclean hands" for having filed before registration issued, calling that argument "spurious." Id. at 1490 n.6. Meta's position here — that Ms. Welkin must be forever barred because she filed before her registration certificate issued — is equally spurious and should be rejected with equal force. Together with *Foss v. Marvic* (2024) and *Cortés-Ramos* (2020), *M.G.B. Homes* completes a three-circuit wall of authority against with-prejudice dismissal in exactly this procedural posture.

### E.3 — Appropriate Remedial Options for the Court

47. Given the now-issued registration, the controlling precedent, and the equities of this case, this Court has three appropriate options — each of which is preferable to the legally improper with-prejudice dismissal that Meta seeks:

| Option | Description | Legal Basis | Plaintiff's Preference |
|---|---|---|---|
| Option 1 (Preferred) | Deny Meta's Motion to Dismiss in its entirety; allow case to proceed with an amended complaint incorporating VAu 1-583-083 | Reed Elsevier; Fastcase; Foman; Rule 15(a) | Primary request |
| Option 2 | Grant leave to file an Amended Complaint incorporating registration VAu 1-583-083; allow case to proceed on the amended pleading | Fed. R. Civ. P. 15(a)(2); Foman; Rule 15(c) **relation-back amendment** | Alternative primary request |
| Option 3 (Last Resort) | Dismiss WITHOUT prejudice only, allowing Carly to refile immediately with registration in hand | *Foss v. Marvic*; non-merits character of § 411(a) dismissals | Alternative if the Court finds any remaining deficiency |
| Option 4 (Legally Improper) | Dismiss WITH prejudice | No valid legal basis, contrary to *Reed Elsevier, Fastcase, Foman, Fourth Estate*, and *Foss* | Opposed — legally erroneous |

### E.4 — The Equities Strongly Favor Carly Welkin

48. The Court is not merely a mechanical applier of procedural rules — it is a court of law and equity, charged with achieving just outcomes within the bounds of the law. The equities of this case are stark. Meta Platforms, Inc. is one of the largest corporations in human history, with a market capitalization exceeding one trillion dollars and a litigation budget that dwarfs Carly Welkin's entire annual income. Carly is an independent artist — a pro se plaintiff — who spent years developing a body of photographic work and who took every reasonable step to protect that work, filing her copyright application within twelve days of commencing this lawsuit.

49. To dismiss Carly Welkin's claim with prejudice — permanently extinguishing her ability to seek justice for Meta's alleged unauthorized use of her photographs — on the basis of a technical timing deficiency that no longer exists, that was never a jurisdictional bar, and that has been fully cured, would be a profound injustice. It would serve no legitimate statutory purpose. It would reward Meta's litigation strategy of weaponizing procedural technicalities to escape accountability for alleged substantive wrongs. It would send a chilling message to independent creators that their rights may be extinguished on a technicality while corporate defendants evade responsibility.

50. The law, the equities, and the spirit of the Copyright Act all compel the same outcome: Meta's Motion to Dismiss should be denied; Carly Welkin should be granted leave to amend; and this case should proceed to a determination on its merits.

## VIII. PROPOSED RELIEF REQUESTED

As the Eleventh Circuit held in <u>M.G.B. Homes, Inc. v. Ameron Homes, Inc.</u>, 903 F.2d 1486, 1490 (11th Cir. 1990), a plaintiff who files prematurely, obtains registration, and moves to amend is entitled to have her case proceed on the merits. Ms. Welkin respectfully requests that this Court follow that binding precedent and grant the following relief:

For the foregoing reasons, Plaintiff Carly Welkin respectfully requests that this Court:

- DENY Defendant Meta Platforms, Inc.'s Motion to Dismiss (Filing #13) in its entirety, on the grounds that: (a) § 411(a) is non-jurisdictional under Reed Elsevier and Fastcase; (b) Copyright Registration VAu 1-583-083 has now issued, satisfying any § 411(a) precondition; and (c) dismissal with prejudice is legally improper and contrary to controlling authority.

- GRANT Plaintiff leave to file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) incorporating Copyright Registration VAu 1-583-083, which Amended Complaint shall relate back to January 12, 2026 pursuant to Fed. R. Civ. P. 15(c)(1)(B).

- In the alternative, if this Court finds any remaining § 411(a) deficiency notwithstanding the issuance of registration, DISMISS WITHOUT PREJUDICE only, allowing Plaintiff to promptly refile with registration in hand — and decline to enter any with-prejudice dismissal that would extinguish Plaintiff's copyright claims on a non-merits procedural basis.

- PERMIT this case to proceed to discovery and ultimately to a merits determination of Plaintiff's copyright infringement claims against Meta Platforms, Inc.

- Grant such other and further relief as this Court deems just, equitable, and proper.

## IX. CONCLUSION

51. Carly Welkin is a photographer. She spent years creating a body of work — 48 original, unpublished photographs that form the "Social" collection — that belongs to her, in which she holds valid, federally registered copyright. Copyright Registration VAu 1-583-083 is not a technicality or a procedural nicety. It is the law's recognition of Carly Welkin's creative rights, issued by the United States Copyright Office, Library of Congress, on April 17, 2026. That registration is real. The alleged infringement is real. The harm is real.

52. Meta Platforms, Inc. seeks to end this lawsuit before it begins — not because it has a defense to the merits of Carly Welkin's copyright claim, but because she filed her complaint days before her registration was formally in hand. The law does not permit this outcome. The Supreme Court of the United States held in *Reed Elsevier v. Muchnick* that § 411(a)'s registration requirement is not jurisdictional. The Eleventh Circuit held in Fastcase v. Lawriter — binding precedent in this very Court — that the district court errs in treating registration as a bar to

subject-matter jurisdiction. The Supreme Court held in Fourth Estate that registration, once issued, permits recovery for all pre- and post-registration infringement. The Supreme Court held in Foman v. Davis that leave to amend must be freely given. The First Circuit held in Foss v. Marvic that § 411(a) dismissals are not on the merits.

53. Every strand of legal authority runs in Carly Welkin's favor. The registration is in hand. The defect — if it ever truly existed — is cured. The claim is real, cognizable, and supported by law. The remedies are available. The only obstacle Meta has placed in this Court's path is a procedural argument that the highest courts of this nation have repeatedly rejected.

54. Carly Welkin asks only for the chance to be heard on the merits. She asks this Court to apply the law as written, to follow the binding precedent of the Supreme Court and the Eleventh Circuit, and to allow her copyright infringement claims against Meta Platforms to proceed. She is entitled to nothing less. This Court has the authority, the legal mandate, and the equitable power to do justice here — and Plaintiff respectfully urges the Court to exercise that power.

55. Defendant's Motion to Dismiss should be denied in its entirety. Plaintiff should be granted leave to amend. This case should proceed.

Respectfully submitted,

Carly Welkin

Plaintiff

Date: May 27, 2026

*Carly Welkin*

## X. TABLE OF AUTHORITIES

### CASES — UNITED STATES SUPREME COURT

| | |
|---|---|
| Arbaugh v. Y & H Corp., 546 U.S. 500 (2006)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/546/500/ | II, III.A.1 |
| Ashcroft v. Iqbal, 556 U.S. 662 (2009)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/556/662/ | II |
| Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/550/544/ | II |
| Bowles v. Russell, 551 U.S. 205 (2007)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/551/205/ | II, III.A.1 |
| Foman v. Davis, 371 U.S. 178 (1962)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/371/178/ | I, V.C.1, VII.E.1 |
| Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. ___, 139 S. Ct. 881 (2019)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/586/17-571/ | I, IV.B.1, V.F.2, VII.E.1 |
| Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/511/375/ | II |
| Kontrick v. Ryan, 540 U.S. 443 (2004)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/540/443/ | II, III.A.1 |
| Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/559/154/ | I, II, III.A.1, V.G.2, VII.E.1, IX ★ LEAD |
| Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390 (1940)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/309/390/ | VI.D.1 |
| Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)<br>Justia ↗URL: https://supreme.justia.com/cases/federal/us/455/385/ | III.A.1 |

### CASES — UNITED STATES COURT OF APPEALS, ELEVENTH CIRCUIT (BINDING AUTHORITY)

| | |
|---|---|
| Chaparro v. Carnival Corp., 693 F.3d 1333 (11th Cir. 2012)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca11/11-14047/11-14047-2012-09-05.html | II |
| Corsello v. Lincare, Inc., 428 F.3d 1008 (11th Cir. 2005)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/F3/428/1008/589819/ | V.C.3 |
| Dowbenko v. Google, Inc., 582 F. App'x 801 (11th Cir. 2014)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca11/14-10195/14-10195-2014-09-05.html | III.A.2 |
| Epps v. Watson, 492 F.3d 1240 (11th Cir. 2007)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca11/06-13378/06-13378-2007-07-18.html | VII.E.1 |
| Fastcase, Inc. v. Lawriter, LLC, No. 17-14110 (11th Cir. Oct. 29, 2018)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca11/17-14110/17-14110-2018-10-29.html | I, II, III.A.2, V.H.2, VII.E.1 ★ LEAD |
| Gratton v. Great Am. Commc'ns, 178 F.3d 1373 (11th Cir. 1999)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/F3/178/1373/530736/ | VII.E.1 |
| *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486 (11th Cir. 1990)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/F2/903/1486/435761/<br>★ LEAD AUTHORITY — BINDING 11TH CIRCUIT | III.A.2, V.C.4(a), VII.E.2, VIII |
| Travaglio v. Am. Express Co., 735 F.3d 1266 (11th Cir. 2013)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca11/11-15292/11-15292-2013-08-19.html | II |
| Wright Transportation, Inc. v. Pilot Corp., 841 F.3d 1266 (11th Cir. 2016)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca11/15-11804/15-11804-2016-11-04.html | V.H.3 |

### CASES — OTHER FEDERAL COURTS (PERSUASIVE AUTHORITY)

| | |
|---|---|
| Cortés-Ramos v. Martin-Morales, No. 19-1358 (1st Cir. Apr. 13, 2020)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca1/19-1358/19-1358-2020-04-13.html | IV.B.3, V.C.5, VII.E.3, IX |
| Cosmetic Ideas, Inc. v. IAC/Interactivecorp, 606 F.3d 612 (9th Cir. 2010)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca9/08-56079/08-56079-2010-05-25.html | IV.B.3 |
| Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696 (9th Cir. 2008)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca9/07-35048/07-35048-2008-06-11.html | VI.D.4 |
| Foss v. Marvic, Inc., No. 23-1214 (1st Cir. June 10, 2024)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca1/23-1214/23-1214-2024-06-10.html | IV.B.3, V.F.1, VII.E.2, IX |
| Lang Van, Inc. v. VNG Corp., No. 19-56452 (9th Cir. July 21, 2022)<br>Justia ↗URL: https://law.justia.com/cases/federal/appellate-courts/ca9/19-56452/19-56452-2022-07-21.html | V.C.3 |
| UAB "Planner 5D" v. Facebook, Inc., No. 19-cv-03132-WHO (N.D. Cal. 2019) (unreported district court decision — cited to distinguish)<br>CourtListener ↗URL: https://www.courtlistener.com/docket/15736827/uab-planner5d-v-meta-platforms-inc/ | V.C.6 |

### STATUTES

| | |
|---|---|
| 17 U.S.C. § 101 et seq. (Copyright Act of 1976) | I |
| 17 U.S.C. § 411(a) (Registration as Precondition to Suit) | passim |
| 17 U.S.C. § 412 (Prerequisites for Statutory Damages and Attorney's Fees) | VI.D.2, VI.D.4 |
| 17 U.S.C. § 502 (Injunctive Relief) | VI.D.3 |
| 17 U.S.C. § 503 (Impoundment and Disposition of Infringing Articles) | VI.D.2 |
| 17 U.S.C. § 504 (Remedies for Infringement — Actual and Statutory Damages) | VI.D.1, VI.D.2 |
| 17 U.S.C. § 505 (Remedies for Infringement — Attorney's Fees) | VI.D.2 |
| 28 U.S.C. § 1331 (Federal Question Jurisdiction) | V.H.1 |
| 28 U.S.C. § 1332 (Diversity of Citizenship Jurisdiction) | V.H.2, V.H.3 |
| 28 U.S.C. § 1338(a) (Jurisdiction Over Copyright Actions) | I, V.H.2 |
| 28 U.S.C. § 1367 (Supplemental Jurisdiction) | V.H.1, V.H.2 |

### RULES

| | |
|---|---|
| Fed. R. Civ. P. 12(b)(1) (Motion to Dismiss — Subject-Matter Jurisdiction) | II, III |
| Fed. R. Civ. P. 12(b)(6) (Motion to Dismiss — Failure to State a Claim) | II, III.A.2 |
| Fed. R. Civ. P. 15(a) (Amendments — Right to Amend and Leave to Amend) | V.C.1, V.C.2 |
| Fed. R. Civ. P. 15(c) (Amendments — Relation Back of Amendments) | V.C.2, V.C.6 |
| Fed. R. Civ. P. 15(d) (Supplemental Pleadings)<br>Cornell Law School — LII ↗URL: https://www.law.cornell.edu/rules/frcp/rule_15<br>"even though the original pleading is defective" | V.C.5, V.F.3 |

**SECONDARY AUTHORITIES**

| | |
|---|---|
| University of Cincinnati Law Review, "Using Fed. R. Civ. P. 15(d) Supplemental Pleading to Cure Defect" | V.C.5 |
| Berkeley Technology Law Journal, Vol. 33:3 (Stay Practice Post-Fourth Estate) | V.F.1 |
| U.S. Copyright Office, Compendium of U.S. Copyright Office Practices (3d ed. 2021) | II |
| H.R. Rep. No. 94-1476 (1976) (House Report on the Copyright Act) | II, III.A.1 |
| U.S. Copyright Office, Copyright Registration VAu 1-583-083, "Social" (48 unpublished photographs), Carly Welkin (effective March 9, 2026; decision April 17, 2026) | passim |

Welkin v. Meta Platforms, Inc., Case No. 1:26-cv-00148-ELR (N.D. Ga.)

Carly Welkin
3385 Hollow Tree Dr
Decatur, GA 30034

Retail

U.S. POSTAGE PAID
FCM LG ENV
DECATUR, GA 30034
MAY 27, 2026

UNITED STATES
POSTAL SERVICE

30303

$2.44

RDC 99

S2324K504434-22

Federal Court Clerk
75 Ted Turner Dr, SW
Room 2211
Atlanta, GA 30303

CLEARED DATE

JUN 0 1 2026

U.S. Marshals Service
Atlanta, GA 30303